IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YVONNE TRAVERSE,
RICHARD TRAVERSE,

       Plaintiffs,

vs.

NAM HOANG, D.D.S.; CHAPA DE
INDIAN HEALTH PROGRAM INC.;
and DOES 1-30,

       Defendants.
_____/

No. CIV S-10-2816 JAM EFB PS

<u>ORDER AND
ORDER TO SHOW CAUSE</u>

       This case, in which plaintiffs are proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On October 18, 2010, defendants removed this action from Placer County Superior Court pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. §§ 1346, 1441(b), and 1446, on the basis that the action arises under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). Dckt. No. 1 at 2. Then, on October 20, 2010, defendants moved to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), and noticed the motion to be heard on December 1, 2010. Dckt. No. 5.

       Court records reflect that plaintiffs have filed neither an opposition nor a statement of non-opposition to defendants' motion. Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving

1

party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by November 17, 2010. Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing on defendants' motion to dismiss, Dckt. No. 5, is continued to January 5, 2011.

2. Plaintiffs shall show cause, in writing, no later than December 22, 2010, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion.

3. Plaintiffs shall file an opposition to the motion, or a statement of non-opposition thereto, no later than December 22, 2010.

4. Failure of plaintiffs to file an opposition will be deemed a statement of non-opposition to the pending motions, and may result in a recommendation that this action be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b).

////

////

5. Defendants may file a reply to plaintiffs' opposition(s), if any, on or before December 29, 2010.

SO ORDERED.

Dated:  November 23, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3