1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9   YVONNE TRAVERSE,                    No. CIV S-10-2816 JAM EFB
    RICHARD TRAVERSE,

10
                Plaintiffs,

11
        vs.

12                                      ORDER AND
    NAM HOANG, D.D.S.; CHAPA DE         FINDINGS AND RECOMMENDATIONS

13  INDIAN HEALTH PROGRAM INC.;
    and DOES 1-30,

14
                Defendants.

15  _____/

16      This case, in which plaintiffs were previously proceeding pro se, is before the

17  undersigned pursuant to Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. §

18  636(b)(1).  On October 18, 2010, defendants removed this action from Placer County Superior

19  Court pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. §§ 1346, 1441(b), and 1446, on the basis

20  that the action arises under the Federal Tort Claims Act, 28 U.S.C. § 1346(b).  Dckt. No. 1 at 2.

21  Then, on October 20, 2010, defendants moved to dismiss plaintiffs' complaint pursuant to

22  Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  Dckt. No. 5.

23  Defendants argue that this court lacks jurisdiction because plaintiffs failed to exhaust their

24  administrative remedies.  *Id.*

25      On November 23, 2010, because plaintiffs had not timely filed either an opposition or a

26  statement of non-opposition to defendants' motion, the undersigned issued an order directing

plaintiffs to show cause why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion, and directed plaintiffs to file an opposition or a statement of non-opposition to the motion no later than December 22, 2010. Dckt. No. 8.

Thereafter, plaintiffs obtained counsel, and on December 21, 2010, plaintiffs' counsel filed a response to the order to show cause and a statement of non-opposition to the motion to dismiss. Dckt. No. 9. Plaintiffs state that they do not oppose the motion "as long as the Court's order dismissing the removed action is made without prejudice to Plaintiffs' right to re-file once they have properly exhausted their administrative remedies." *Id.*

Accordingly, IT IS HEREBY ORDERED that:

1. The November 23, 2010 order to show cause, Dckt. No. 8, is discharged;

2. The hearing date of January 5, 2011 on defendants' motion to dismiss, Dckt. Nos. 5 and 8, is vacated; and

3. The status (pretrial scheduling) conference currently set for hearing on February 23, 2011 is vacated.[1]

IT IS FURTHER RECOMMENDED that:

1. Defendants' motion to dismiss, Dckt. No. 5, be granted;

2. This action be dismissed without prejudice based on plaintiffs' failure to exhaust their administrative remedies; and

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

---

[1] As a result, the parties are not required to submit status reports as provided in the October 19, 2010 order. *See* Dckt. No. 2. However, if the recommendation of dismissal herein is not adopted by the district judge, the undersigned will reschedule the status conference and require the parties to submit status reports.

1   objections with the court and serve a copy on all parties.  Such a document should be captioned

2   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

3   within the specified time may waive the right to appeal the District Court's order. *Turner v.*

4   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

5   DATED: December 29, 2010

6   _____

7   EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

3